**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4141

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRUCE HOWARD PERDUE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:05-cr-00229-WLO)

Submitted: July 25, 2006                    Decided: August 1, 2006

Before WILLIAMS, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Scott Holmes, STUBBS, COLE, BREEDLOVE, PRENTIS & BIGGS, Durham, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bruce Howard Perdue pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g) (2000). Perdue was sentenced to the statutory mandatory minimum term as an armed career criminal, under 18 U.S.C.A. § 924(e)(1) (West Supp. 2006), to 180 months of imprisonment. On appeal, Perdue asserts that his sentence as an armed career criminal violates the Double Jeopardy clause.

Perdue's argument is foreclosed by United States v. Presley, 52 F.3d 64 (4th Cir. 1995), in which this court held that the Armed Career Criminal Act does not violate the Double Jeopardy Clause. Nor does the use of prior convictions to enhance a defendant's sentence violate the holding in United States v. Booker, 543 U.S. 220 (2005). See United States v. Thompson, 421 F.3d 278 (4th Cir. 2005) (noting that, where the defendant does not dispute any facts related to his prior convictions, the district court's determination of the criminal history category does not violate the Sixth Amendment), cert. denied, 126 S. Ct. 1463 (2006).

We therefore affirm Perdue's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 2 -